**Nelson DUARTE, Plaintiff–Appellant,**

**v.**

**Michael B. COOKSEY, et al., Defendants–Appellees.**

**No. 00–2431.**

United States Court of Appeals, Seventh Circuit.

Submitted July 25, 2002 *.

Decided July 25, 2002.

Before POSNER, KANNE, EVANS, Circuit Judges.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

## ORDER

Federal inmate Nelson Duarte filed a complaint alleging that numerous prison employees retaliated against him for pursuing several grievances and lawsuits. All but two defendants were either dismissed from the action or granted summary judgment; the others prevailed at a jury trial. Duarte appeals, and we affirm the judgment of the district court.

This case began over seven years ago when Duarte sued more than 20 prison officials claiming that they transferred him to the federal prison in Marion, Illinois, in retaliation for filing a tort claim against staff at the prior institution. He further alleged that guards at Marion conspired to submit false conduct reports against him because he filed several grievances and lawsuits, and that several supervisors and administrators were aware of the conspiracy yet did nothing to stop the retaliation.

The district court dismissed the supervisors and administrators for failure to state a claim, and after an amended complaint and discovery, a magistrate judge recommended granting the defendants' motion for summary judgment for all but two of the remaining defendants. Despite Duarte's objections, in which he generally contradicted the magistrate judge's conclusions without citing to any supporting evidence, the district court adopted the magistrate judge's recommendation. Duarte's claims against the remaining two defendants proceeded to trial, after which a jury returned a verdict for the defendants.

On appeal Duarte claims that the district court and magistrate judge "erred on all decisions on this case," and he urges this court to remand for a new trial involving all defendants. His brief consists mostly of general statements of disagreement with various rulings throughout the district court proceedings. The majority of the arguments Duarte attempts to make are so perfunctory and undeveloped that we need not consider them. *Wells v. Unisource Worldwide, Inc.,* 289 F.3d 1001, 1008 (7th Cir.2002). A few claims, however, merit brief mention.

First, Duarte challenges several rulings by the magistrate judge, some denying Duarte's requests that counsel be enlisted to assist him and some involving the discovery process. There is no record, however, that Duarte raised his objections to these rulings before the district court judge. Failure to do so results in a waiver of those arguments on appeal. *Wingerter v. Chester Quarry Co.,* 185 F.3d 657, 660–61 (7th Cir.1998).

Duarte next claims that the district judge ought to have recused himself because, Duarte maintains, the judge's brother worked at Marion. Duarte did not raise this claim in the district court, and so he has waived the right to raise this argument on appeal. *United States v. Ruzzano,* 247 F.3d 688, 694 (7th Cir.2001).

Duarte finally asserts that the district court denied him the opportunity to present witnesses at trial and to cross-examine the defendants' witnesses. The trial transcript proves otherwise, however. Duarte called three witnesses at trial to support his case, and he cross-examined all of the defendants' witnesses. The district court did deny Duarte's request for writs of habeas corpus ad testificandum for two inmates, finding that their testimony would be redundant of that anticipated by other witnesses. Duarte, however, fails to specify how this decision was erroneous, arguing only that he was "denied all witnesses in this case." That statement is untrue and does not warrant appellate relief.

AFFIRMED.